IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FRANCISCO ZAYAS SEIJO<br><br>DEBTOR | CASE NO 21-03259 EAG<br><br>CHAPTER 13 |

**AMENDED OPPOSITION TO CONFIRMATION OF DEBTOR'S
AMENDED CHAPTER 13 PLAN**

**TO THE HONORABLE COURT:**

**COMES NOW, Secured Creditor Antonio J. Cabrero Muñiz**, through his undersigned counsel and very respectfully states and prays:

## I. INTRODUCTION

1. On October 29, 2021, the Debtor filed the present Chapter 13 case and filed a proposed Chapter 13 Plan, Schedules (A-J) and other required bankruptcy forms. On December 7, 2021, the Debtor filed a fifth *Amended Chapter 13 Plan* which Plan confirmation, based on the Debtor's misrepresentations and bad faith should not be confirmed by the Court and the same is hereby vigorously opposed. On November 30th, 2020, at 11 am, was held the commencement of the 341 meeting with the presence of Debtor and his attorney, creditor Antonio J. Cabrero Muñiz, and representatives of the Office of the U.S. Trustee and of the Department of the Treasury of Puerto Rico.

## II. INDISPUTED FACTS

2. Antonio J. Cabrero Muñiz, Esq., became a creditor of Debtor Francisco Zayas Seijo, his wife and the conjugal partnership constituted between them, due to a *Judgment*

1

entered by The Supreme Court of Puerto Rico determining that Zayas Seijo engaged in defamatory acts against the herein Secured Creditor while Mr. Antonio J. Cabrero-Muñiz (hereinafter "the Secured Creditor" and/or "Cabrero") was a public servant, in reckless disregard of the truth.

3. Based on said *Judgment* entered by the Puerto Rico Supreme Court, on January 18, 2018, the Puerto Rico Court of Appeals, according to applicable guidelines, in a FINAL and EXECUTABLE decision, Ordered the herein Debtor and the other codebtors, to pay Secured Creditor Cabrero the amount of $250,000 in damages to his reputation and the sum of $125,000 for sufferings and mental anguish for a total of $375,000.00.

4. After the aforementioned *Judgment* was entered and became final, the secured creditor Cabrero procured and obtained a judicial and/or judgment lien on the Debtor's two (2) real properties which are the following:

---a real property ("finca") located at Mameyes Ward Jayuya, Puerto Rico (hereinafter the "Jayuya Property"); and

---a commercial real property located at Fagot Avenue Ponce, Puerto Rico (hereinafter the "Commercial Property")

5. **Therefore, it must be clarified that all representations of the Debtor throughout the Schedules indicating that Mr. Cabrero's claim is a "contingent, unliquidated and disputed" claim constitute a new misrepresentation of the legality, reality, finality, and collectability of the claim which representations appear to be directed to mislead this Honorable Bankruptcy Court. The Debtor also misleads this Honorable Court by stating that there are no codebtors for Mr. Cabrero's claim, leaving aside the other**

2

**defendants, his wife and their legal conjugal partnership in the Civil Case which are also liable as per the above state *Judgment*.**

6. More than forty-six (46) months have elapsed since the $375,000 plus interest Judgment was entered, and the Debtor, instead of trying to reach an agreement with secured creditor Cabrero, and with intent to avoid payment, decided to engage in a dubious and/or fraudulent post-judgment acts which were eventually declared null and void by the Superior Court of Puerto Rico, these are the following:

   a. After the Puerto Rico Supreme Court *Judgment* was entered, the Debtor executed a Homestead Deed over the Jayuya Property, falsely representing that this real property constituted the Debtor's and his Non-Filing Spouse's residence. In a sworn deposition it was established that their residence has always been in the La Alhambra Property, that they have always exercised their vote in Ponce, that the Non-Filing Spouse does not even like to go to the Jayuya Property, and furthermore, by her saying, it is questionable whether or not she executed the abovementioned Homestead Act. As previously stated, the Homestead Deed was declared null and void by the Superior Court of Puerto Rico and the corresponding writ was issued to the Property Registrar of the Property Registry of Puerto Rico, for its cancellation. At present it has been cancelled.

   b. On February 12, 2018, days after the damages amount of $375,000 was established by the Court of Appeals in its judgment, the Debtor Zayas Seijo executed a Voluntary Mortgage Deed Number 1, before Notary Public Evelyn Michelle Román Montalvo, to guarantee a $160,000 bearer note. As per his saying in the aforementioned sworn deposition, his son, Attorney Luis Zayas

3

Colón, had the $160,000 note in his possession without the Debtor Zayas Seijo having received any consideration for the supposed negotiation of the same. The above-mentioned mortgage Deed was declared null and void by the Superior Court of Puerto Rico and the corresponding writ was issued to the Property Registry for its cancellation.

7. Upon the Puerto Rico Superior Court's declaration of the abovementioned fraudulent transactions as null and void, the public sales of the Jayuya and the Commercial Properties was pursued by the herein Secured Creditor. The public sale of the Jayuya Property was scheduled for December 2, 2021, and the corresponding newspaper notices were published as required by law.

8. As of the filing of the present bankruptcy petition, all pending matters at the Puerto Rico Superior Court are stayed under 11 U.S.C. Section 362 ("automatic stay").

### III. ARGUMENT

9. The plan proposed by the Debtor is hereby opposed by secured creditor Cabrero since it is a Plan filed in bad faith, proposed in bad faith by the Debtor as a new intent to avoid paying the *Judgment* sum of $375,000 plus interest.

10. As per the Debtor's schedules, Cabrero's secured claim constitutes 56% of the secured claims and 70% of the unsecured claims.

11. Upon the filing of present bankruptcy case, once again, the Debtor has engaged in egregious conduct as follows:

   a. **Debtor's failure to file accurate Schedules and Statements Rule 1007 FRBP: Debtor's understatement of the sum owed, failure to identify claim's security and failure to provide a fair market value of property serving as security:**

4

As an initial reason to object to Debtor's *Amended Chapter 13 Plan* filed on December 7, 2121, Dkt. #22, it is hereby stated that the Debtor through his plan, continues to reduce the value of his two real properties unreasonably and illegally to affect a full payment of Mr. Cabrero's totally secured $451,000.00 claim.

In the Debtor's original Chapter 13 Plan and Schedules, Debtor represented that the lot of land located at road 141 km 15.8, Bo. Mameyes, Jayuya, Puerto Rico had a value of $200,000.00 and that the commercial and residential building at Ave. Fagot had a value of $160,000.00. At the 341 meeting (to be continued on December 28, 2021), the Debtor recognized that he had no acceptable grounds for those properties' valuations, and that the Debtor had requested an appraisal.

It appears that on December 13, 2021, the appraisals were requested, and Debtor's attorney informed us that the appraisals were in process. Nonetheless, 6 days prior to said communication, on December 7, 2121, the Debtor, once again without any grounds, reduced the value of the Jayuya property to $129,000.00 and of Jardines de Fagot to $120,000.00. Both values are way under the market real values for these properties. The real values which secure Mr. Cabrero's claim, are as follows:

Jardines de Fagot Property

It is a mixed-use commercial/residential property identified as N-42, Jardines de Fagot Development, North of Marginal Street, San Antón Ward, Ponce, P.R.. It has 392.84 square meters, as per public records at the Municipal Revenues Collection Center (CRIM, by its Spanish acronym), and a building with an area estimated in 3500 square feet as per measurements obtained from aerial images of Municipal Revenues Collection

5

Center (CRIM, by its Spanish acronym) website. Has six parking stalls along front setback. Based upon the physical and locational characteristics of the subject property, and of its condition, the most representative comparables provide that a figure of $100 per sq. ft. is supported. The comparables refer to closed/deeded sales from August 2019 to present, of office or mixed-use retail/commercial-office or mixed-use retail/commercial-residential properties located within competitive market areas to that of the subject's in the Ponce municipality.

Based on the above, the property has an estimated value of $350,000.00, for which, after reducing the amount of $42,147.83 claimed by Oriental's first mortgage Claim No. 9-1, it is equity to be used to determine Mr. Cabrero's security, amounts to $307,852.17.

### Bo. Mameyes, Jayuya Property

This property is a 66.8835 "cuerdas", equivalent to 262,878.9 square meters, piece of land classified as "agricultural", with excellent view, and extensive area in front of road 141. Comparable sales show that $215,000.00 ($15,000.00 over the original value established by Debtor) is an acceptable value. The property does not have any liens prior to Mr. Cabrero's lien, for which the total equity to be considered as security for our claim is $215,000.00.

Therefore, based on the above stated reasons, the Debtor's Amended Chapter 13 Plan, Docket #22, may not be approved. The other reasons to deny confirmation are also hereby discussed as follows.

**Debtor's failure to propose a "feasible" Plan and insufficient payments to pay the amount of secured claims, 11 USC Section 1325:**

The Creditor's *Judgment* secured by the Debtor's properties (the Jayuya Property and the Commercial Property), is due and payable since 2018. As per the Debtor's proposed plan, minimum payments, if any, are contemplated to be paid to Cabrero during the first 24 months, which is unacceptable for a $450,000 due, payable, and secured debt. The Debtor's plan contemplates at month 24th of the Plan a "lump sum" payment of $251,000 which is unacceptable, unrealistic and is not feasible. Furthermore, the Debtor has failed to state the source of this "additional payment" in the sum of $251,000.

Obviously, the Debtor intends to delay the payment of a debt that has been due and payable for several years, by proposing a plan which is not feasible. The Debtor cannot evidence that he [the Debtor] or she [the Non-Filing Spouse] will have sufficient disposable income to comply with the payments proposed under the plan.

b. **Debtor's failure to submit all disposable income for the execution of the Plan 11 USC Section 1322(a)(1):**

The Debtor's proposed plan deceives this Honorable Court and creditors by hiding income from rentals and payment of maintenance of the offices and apartment of the Commercial Property, paid or that should have been paid by his son Rafael Zayas Colón. A matter that misrepresents the real disposable income for payment of the scheduled debts. A post-judgment deposition under oath, taken to the Debtor Zayas Seijo and his Non-Filing Spouse on October 16, 2019, and the information provided by Debtor in the schedules clearly establish the following uncontested facts:

i. The mortgage and CRIM payments for the Commercial Property amount to $2,300.00.

ii. The Debtor's son, attorney Zayas Colón operates his law firm in this building.

iii. The Debtor's agreement with his son is that he [Zayas-Colon] collects the rents and pays as rental the difference between the amounts collected and the $2,300.00 monthly payment. The Debtor's son also pays and takes care of the building's maintenance.

iv. The mortgage's due date was July 1, 2020.

v. As of today, attorney Zayas Colon's continues to advertise the location of his office in the Debtor's Commercial Property.

vi. As of today, attorney Zayas Colon's office address as per the records at the Supreme Court continues to be at the Debtor's Commercial Property.

vii. The Commercial Property has always belonged to the Debtor.

viii. The mortgage is owed by the Debtor and he [the Debtor] is under the obligation to maintain current monthly payments for this mortgage loan.

ix. The rental payments collected by Debtor's son, as well as the difference paid by the son, are deemed to be used to pay for Debtor's mortgage and is part of Debtor's income. This income is property of the estate, must also be included in the Debtor's schedules and evidenced by the Debtor's tax returns which the Debtor is required to provide a copy of said tax returns to the Trustee.

Regardless of the above, the Debtor included in his Plan and schedules a payment of $40,000 outstanding from a mortgage that was due on July 1, 2020, and that should have been paid by his son with the rents collected from tenants, and with his own rental payments for the use of the building as the site for his office but doesn't include rental

8

payments or receivables from his son $2,300.00 monthly obligation. The Debtor also includes in his schedules a maintenance payment which according to his statements under oath, are paid by his son as part of their agreement. Furthermore, the Debtor declared under oath that all accounting books regarding the Commercial Property are held by his son. When asked for a copy of them at the abovementioned deposition, the Debtor stated that he could not assure if the son had any. The books were never provided, and their existence is doubtful.

At the Civil Case deposition, the Debtor gave a detail of current tenants additionally to his son. Among them, a mortgage bank, a barber shop, a travel agency, and an apartment which was not occupied at the time. We must ask ourselves why there is still a balance of $40,000.00 on a mortgage that was due on July 1, 2020? How many rental payments have been received during the months in arrears and why debtor's son has not been paying the mortgage as accorded with his father?

The reality is that the Debtor has hidden this rent income, pretending to include the mortgage and CRIM payments without informing the rent income which is a serious deceit to the seriousness and honesty required at bankruptcy proceedings. Failing to disclose a $2,300 rent income clearly demonstrates an intent to let whoever has been receiving and using the rental payments for purposes other than paying the mortgage, to continue to do so. It also demonstrates the intent for the continuance of use by his son of the property without making the mortgage payments as accorded. Said omissions clearly are in detriment of the estate.

  c. **Debtor's Plan does not meet the "good faith" requirement 11 USC 1322 and the same has been proposed in Bad Faith:**

Based on the above, the Debtor has failed to meet the requirement of presenting a plan which is honest and fair with secured creditor Antonio J. Cabrero Muñiz. Sufficient evidence establishes that the Debtor, before and after the filing of bankruptcy, has tried to deceive creditor Cabrero and has never intended to even try to pay or negotiate the amounts owed. On the contrary, Debtor has engaged in fraudulent and deceitful schemes, prior and at the filing of bankruptcy, to avoid and/or delay payment. Debtor's serious disregard of the truth is the cause of the defamation judgement entered against him and said serious disregard of the truth has been present throughout the post judgement procedures and at the presentation of his Chapter 13 Plan and Schedules.

12. The Debtor's egregious conduct and plan is to be considered as filed in bad faith. "Filing *a bankruptcy case to prevent foreclosure if undertaken pursuant to a legitimate effort at reorganization is not reprehensible and is in accord with the aim of the Bankruptcy Code.*" *In Re Chisum*, 68 B.R. 471, 473 (9th Cir. BAP 1986). *"However, filing solely for the purpose of stopping or delaying a foreclosure, **without the ability or intention to reorganize, is an abuse and therefore is not the proper basis for the filing of a bankruptcy proceeding, i.e., the filing lacks good faith.*** *Cinema Service Corp. v, Edbee Corp., 774 F 2d. 584 (3d Cir. 1985)*.

13. The Debtor's fraudulent activities prior to filing, as well as the plan presented, have solely been aimed to obstruct, delay, hinder and/or forestall the enforcement of creditor Cabrero's collection of the *Judgment* entered by the Supreme Court of Puerto Rico for several years. It is can easily be determined by looking at the reported extremely limited income in comparison to the amount owed to Cabrero as secured creditor. It is evident that Debtor will never be able to propose a feasible plan that can achieve confirmation, as his disposable income is extremely low in comparison with the total

amount that should be paid to Cabrero as secured creditor, and the funding of his plan has speculative grounds.

14. The Debtor Francisco Zayas Seijo's proposed plan, regarding creditor Cabrero's claim, is based on malicious and/or fraudulent acts. Even so, it is well established that the filing of a plan which does not fit the within the scope of the Bankruptcy Code relief, is deemed to be a bad faith filing. In the present case, it has presented a non-feasible plan supported with documentation which is full of misrepresentations, and which is directed to deceive this Honorable Court and creditors, especially creditor Cabrero.

15. It is well established that the filing of a plan which does not fit the within the scope of the Bankruptcy Code relief, is deemed to be a bad faith filing. In the present case, has presented a non-feasible plan, supported with the following misrepresentations, deemed intended to deceive this Honorable Court and creditors, especially creditor Cabrero. Among them are the following:

a. The Plan does not include the total amount of the amount owed to Mr. Cabrero by not including the totality of the post judgment interest accrued.

b. The plan misrepresents in section 3.3 (secured claims), the values of properties. The values were included without an adequate method of valuation affecting the amount of Mr. Cabrero's secured claim, which is deemed to be the totality of the $450,000.00 claimed.

c. In Schedule D (Creditors who have claims secured by property), Debtor did not include Mr. Cabrero's lien over the Jardines de Fagot commercial property.

d. In Schedule D, Debtor maliciously and in serious disregard of the truth, states that Cabrero's claim is contingent, unliquidated, and disputed. Misrepresenting a final, payable, and executable judgment as pending,

11

contingent, unliquidated, and disputed, is a clear indication of Debtor's intention to use maliciously and in serious disregard of the truth, the bankruptcy procedures for dilatory purposes and to avoid payment of Mr. Cabrero's claim.

e. In Schedule E/F (Creditors who have unsecured claims), without any valid valuation of the properties, Debtor includes Mr. Cabrero with a $63, 330.92 unsecured claim. Although we understand that the totality of Mr. Cabrero's claim is totally secured, Debtor's number does not consider the totality of the post judgment interest accrued, due to Debtor's fraudulent activities and dilatory practices

f. In Schedule H (Co-debtors), Debtor falsely represents that he has no co-debtors. The schedule clearly states that only if the spouse is also filing, the spouse is not included as a codebtor. In Debtor's case, spouse Nancy Colon did not file together with Debtor. Furthermore, debtor's spouse Nancy Colón and the conjugal partnership composed by them, are co-debtors of the amounts owed to Mr. Cabrero as per judgment.

g. In Schedule I (Your income), debtor does not include the rents of $2,300.00 or more to be paid by his son and other tenants.

h. In Schedule J (Your expenses), Debtor include maintenance expenses for the Jardines de Fagot property. Nonetheless he had stated under oath that as part of his relationship with his son as tenant, it is the son who takes care of the expenses. As priorly explained, existence of accounting records of this property is at least doubtful.

    i. Official Form 106Sum (Summary of Assets and Liabilities), as presented by Debtor, is not trustworthy due to the following:

        i. <u>Part 1:</u> The amount of assets is misrepresented. Values of properties are not real and there is no explanation of why the mortgage of Jardines de Fagot, due since July 2020, has not been paid by the son who uses the property, and as per Debtor's deposition, collects the rents of the other tenants to pay the full amount of the mortgage. At least a receivable must exist for at least $2,300 a month for the time the son has been using the property, collecting rents, and not paying the mortgage.

        ii. <u>Part 2:</u> The amount of liabilities is misrepresented. Debtor does not include the real amount of the debt owed to Cabrero in the amount of $450,000.00 or the correct amount of secured and unsecured claims. As per the debtor's information, Cabrero's claim has been wrongly reduced by debtor to $387,000 ($320,000 secured + $67,000 unsecured). Regardless of the real amount owed, as per consultation with appraiser and a review of comparable properties sold, Cabrero's $450,000.00 claim is deemed to be fully secured.

        iii. Debtor's income is misrepresented. The Debtor failed to include a $2,300.00 monthly rent of the Jardines de Fagot, as previously explained. The Debtor's expenses are also misrepresented since it includes maintenance expenses on Jardines de Fagot that, as per deposition taken, correspond to be paid by Debtor's son.

        iv. Based on the misrepresentations of income and expenses, current monthly income is also misrepresented.

13

    j.  Form 107 (Statement of Financial Affairs) is also not trustworthy due to the following:

        i.  <u>Part 2</u> (5): Once again Debtor does not include rental payments income at Jardines de Fagot although Debtor is clearly instructed to include any rental income.

        ii.  <u>Part 4</u>: Debtor indicate that case DDP98-1258, Antonio J. Cabrero vs. Francisco Zayas Seijo, is still "pending". A due and payable Judgment was entered years ago for which the only matter pending is the collection of the amounts owed as per the judgment. Please note that in schedule D, Debtor falsely represented that Cabrero's claim is contingent, unliquidated, and disputed, misleading the Court and hiding the existence of a firm and executable judgment entered by the Supreme Court. Misrepresenting a final, payable, and executable judgment as pending, contingent, unliquidated, and disputed, is a clear indication of Debtor's intention to use maliciously and in serious disregard of the truth, the bankruptcy procedures for dilatory purposes and to avoid payment of Mr. Cabrero's claim.

    k.  Form 122C-1 (Statement of Current Monthly Income): This statement is not reliable or trustworthy due to the serious questions regarding the whereabouts or the rents of Jardines de Fagot and the payment of the mortgage with the product of the son's rent and the rent of other tenants. The same regarding expenses, and the uncertainty of the existence of accounting books.

    l.  Form 122C-2 (Calculation of disposable income): Debtor's disposable income, as informed, is also not reliable or trustworthy. As per the pending questions

and uncertainty regarding Debtor's and expenses, the amount of disposable income is equally not trustworthy or reliable.

16. **At the 341 meeting of creditors held via telephone on November 30, 2021, Debtor:**

    i. **In answer to Trustee's initial questions and after having been sworn, Debtor stated that he had read the signed schedules, they were based on information provided by him to his attorney, that he does not have anything to amend, and that he knows what lying under oath is.**

    ii. **Debtor admitted that the Judgment entered against him is final, for which the information in schedules stating that Mr. Cabrero's claim is contingent and disputed is knowingly false.**

    iii. **Debtor admitted that the amount included in the sworn bankruptcy documents, is not truthful since it does not include the post judgment legal interests.**

    iv. **Debtor admitted that his bankruptcy was filed to avoid Mr. Cabrero's execution of judgment and to avoid the public sale of the properties.**

    v. **Debtor admitted that the values of properties in schedules were not based in any truthful method of valuation.**

    vi. **In answer to Trustee's questions, Debtor stated that nobody owes him anything; that he had not given without compensation any assets in the last 4 years; and that he had not given any payments to family during the last year before filling.**

      vii.    When confronted with his deposition on the Jardines de Fagot rental payments, his answer was:

              1.    He could not answer if his son had been collecting the rent and not paying the mortgage payments.

17. **<u>Debtor's failure to disclose property of the estate, failure to file accurate schedules and statements may constitute criminal conduct under 18 USC Sections 153 and 158:</u>**

The Debtor's pre- and post-petition conduct and acts should be referred for investigation and evaluation under 18 U.S.C. 152, 18 U.S.C. 153 and 18 U.S.C. 158 which state as follows:

    *§152. Concealment of assets; false oaths and claims; bribery*

*A person who—*
*(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;*
*(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;*
*(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;*
*(4) ……*
*(5) ……*
*(6) …….*
*(7) …….*
*(8) after the filing of a case under title 11 or in contemplation thereof, knowingly, and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or*
*(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor, shall be fined under this title, imprisoned not more than 5 years, or both.*

16

### *§153. Embezzlement against estate*

*(a) Offense. —A person described in subsection (b) who knowingly and fraudulently appropriates to the person's own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a debtor shall be fined under this title, imprisoned not more than 5 years, or both.*

*(b) Person to Whom Section Applies. —A person described in this subsection is one who has access to property or documents belonging to an estate by virtue of the person's participation in the administration of the estate as a trustee, custodian, marshal, attorney, or other officer of the court or as an agent, employee, or other person engaged by such an officer to perform a service with respect to the estate.*

### §158. Designation of United States attorneys and agents of the Federal Bureau of Investigation to address abusive reaffirmations of debt and materially fraudulent statements in bankruptcy schedules

*(a) In General. —The Attorney General of the United States shall designate the individuals described in subsection (b) to have primary responsibility in carrying out enforcement activities in addressing violations of section 152 or 157 relating to abusive reaffirmations of debt. In addition to addressing the violations referred to in the preceding sentence, the individuals described under subsection (b) shall address violations of section 152 or 157 relating to materially fraudulent statements in bankruptcy schedules that are intentionally false or intentionally misleading.*

*(b) United States Attorneys and Agents of the Federal Bureau of Investigation. —The individuals referred to in subsection (a) are—
(1) the United States attorney for each judicial district of the United States; and
(2) an agent of the Federal Bureau of Investigation for each field office of the Federal Bureau of Investigation.*

*(c) Bankruptcy Investigations. —Each United States attorney designated under this section shall, in addition to any other responsibilities, have primary responsibility for carrying out the duties of a United States attorney under section 3057.*

*(d) Bankruptcy Procedures. —The bankruptcy courts shall establish procedures for referring any case that may contain a materially fraudulent statement in a bankruptcy schedule to the individuals designated under this section.*

18. If deemed necessary, this objection will be amended after the continuance of the 341 meeting to be held on December 28, 2021.

**WHEREFORE, it** is hereby requested from this Honorable Court, that the present opposition to the Debtor's proposed plan be granted, and that based on all the above, the Debtor's proposed plan be denied confirmation on the grounds that the same is non-feasible and filed in bad faith.

**RESPECTFULLY SUBMITTED.**

**NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)**

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve, and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**I HEREBY CERTIFY** that this motion has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the parties to their registered e-mail addresses, to the attorneys of record, to Chapter 13 Trustee, Alejandro Oliveras Rivera and to Debtor's counsel, Carlos Juan Teissonniere Rodriguez, Esq. and to debtor by regular mail.

In Guaynabo, Puerto Rico on this 21st day of December 2021.

                              **JUAN B. SOTO LAW OFFICES, P.S.C**
1353 Luis Vigoreaux Ave.
PMB 270
Guaynabo, Puerto Rico 00966
TEL.: (787) 273-0611
CEL.: (787) 370-6197
E-mail: jsoto@jbsblaw.com

/s/ Juan B. Soto Balbás
USDC-PR 130305