**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**FRANCISCO RAFAEL ZAYAS SEIJO**                     Case No.  **21-03259-EAG**

                                  Chapter 13         Attorney Name:  **CARLOS TEISSONNIERE RODRIGUEZ***

### I. Appearances

| | | |
|---|---|---|
| Debtor | [X] Present | [ ] Absent |
| Joint Debtor | [ ] Present | [ ] Absent |
| Attorney for Debtor | [X] Present | [ ] Absent |

[ ] Prose

[ ] Appearing:

**Date & Time:** 12/28/2021  1:40:00PM

[ ] R     [ ] NR    LV:  is to be determined.

[X] This is debtor(s) 1 Bankruptcy filing.

**Creditors:**

Juan B. Soto Balbas, Esq. and his client, secured creditor Antonio Cabrero Muniz
Attorney Julio Guzman, Attorney Emilio Miranda and Mr. Christian Gonzalez for the Office of the United States Trustee
Department of Treasury by Mr. Luis Espada

### II. Oath Administered

[X] Yes          [ ] No

### III. Plan

Date:  12/27/2021        Base:  $414,469.00    Payments 1 made out of 2 due.

Confirmation Hearing Date:    1/14/2022  2:30:00PM

Evidence of Pmt shown:

**Attorney's fees as per R. 2016(b)**

   $4,000.00  -  $1,600.00  =  $2,400.00

### IV. Status of Meeting

[ ] Closed    [ ] Not Held    [ ] Held/Continued

[ ] Held/Not Closed

[X] Continued

Continued Date:   1/25/2022  3:00:00PM

Comments:

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to: [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:

[ ] Other:

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13    Attorney Name: CARLOS TEISSONNIERE RODRIGUEZ*

(Cont.)

**Trustee's Report on Confirmation**

[ ] FAVORABLE

[ ] UNFAVORABLE

| | |
|---|---|
| [ ] Feasibility<br>[ ] Insufficiently funded<br>[ ] Unfair discrimination<br>[ ] Fails disposable income<br>[ ] Fails liquidation value test<br>[ ] Insuarence quote | [ ] No provision for secured creditor(s)<br>[ ] Tax returns missing<br>    [ ] State  -  years<br><br>    [ ] Federal  -  years |

Pending/Items/ Documents:

| | |
|---|---|
| [ ] DSO Recipient's Information<br><br>[ ] Evidence of being current with DSO<br><br>[ ] Evidence of income | [ ] Monthly reports for the months<br><br>[ ] Public Liability Insurance<br>    [ ] Premises<br>    [ ] Vehicle(s):<br>    [ ] Licenses issued by: |

Case:21-03259-EAG13 Doc#:29 Filed:12/29/21 Entered:12/29/21 12:42:57 Desc: Main
Document Page 3 of 8

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13    Attorney Name:    CARLOS TEISSONNIERE RODRIGUEZ*

**Trustee's objection to confirmation**

[ ] Objection to Confirmation
[ ] Oral objection by creditor

**AMENDED:**
=========

ACP: 5 HH: 2 LINE 45: -1,518.29, but it is yet to be determined, per comments below.

--------------------------

ID (Lic ok/ ) /SS- ok / W/S ok/ – /TX–ok- state tax 2017 through 2020  / / SSI /Pen -Mar / Not-  Employed: Pension – social security -rent (social sec non filing)

----------------------

Payment plan schedule:

2,120 x 11 = 23,320

2,901 x 12 = 34,812 Budget adjustment and future income

251,901 x 1 = 251,901 sale or refinance of Jayuya (129,000) and Fagot properties (120,000)

2,901 x 36 = 104,436

Plan Base 414,469

-----------------------

GU Distribution: At this time is 0 %

 Atty Fees: $4,000 -1,600  = $2,400

-----------------------

Debtor testified at the meeting of creditors held on December 28, 2021.  There are, however, multiple essential confirmation issues that debtor needs to be subject of examination, reason why this meeting is being continued.

The new date of the meeting will be January 25, 2022, to commence at 3:00 pm.  Trustee will allow for the time necessary in order to conclude the meeting on such date, therefore, debtor and all parties present at today's meeting have been made aware that the January 25, 2022 meeting of creditors will not necessarily be limited to 20 minutes.

NOTE:  In connection with the maintenance expense of the Jayuya property that debtor discloses in Form 122C-2 (Line 43) and in Schedule J, Debtor testified at the December 28, 2021 that he has an employee to whom he pays $150 monthly for approximately the last 5 years.  When asked whether debtor made any tax withholdings to the employee debtor answered that he makes no tax withholdings.

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No.   21-03259-EAG

Chapter 13    Attorney Name:   CARLOS TEISSONNIERE RODRIGUEZ*

**Matters:**

**1- INSUFFICIENTLY FUNDED, §1325 (b):**

a) Amended plan filed at dkt. 27 is insufficiently funded to pay secured and unsecured priority creditors.

b) In order to review sufficiency, part 3.2 or part 8 of the plan needs to specify if interest will be paid to secured creditor Antonio Cabrero's secured claim and the specific interest rate to be paid.

**2- ISSUES WITH FEASIBILITY, 11 USC §1325(a)(6):**

a) Plan proposes a lump sum payment in the amount of $129,000 from Jayuya lot of land. Debtor is asked to provide the details of how he reached the $129,000 amount being proffered.

b) Plan proposes a lump sum payment in the amount of $120,000 from commercial property at Urb. Fagot, Ponce, PR. Debtor is asked to provide the details of how he reached the $120,000 amount being proffered.

c) Feasibility of the lump sum to be tendered to trustee of the Fagot and Jayuya properties is being questioned at this time, considering that debtor testified at the December 28, 2021 meeting of creditors that nobody is paying CRIM for the Fagot (which has several rental spaces) and Jayuya properties, therefore, by the time the properties are to be sold or financed in Month   of the plan, post petition taxes will have accumulated.

**3- ISSUE WITH LIQUIDATION VALUE TEST, §1325(a)(4):**

a) At the December 28, 2021 meeting of creditors, debtor's counsel informed that from 7 to 14 days of December 28, 2021, an appraiser that was retained to value the Fagot and Jayuya properties will submit his appraisal reports. Trustee requests that debtor file with the Court copy of the announced appraisals by January 15, 2022. It is noted that the value of such properties is in controversy and is an essential factor for confirmation of the plan.

b) What amounts are owed by debtor's son for his rental payments at the Fagot commercial property? Debtor's son owes money for any other concept to the debtor? Schedule A/B does not disclose any account receivable.

c) What amounts are owed by the other tenants at the Fagot commercial property? At the December 28, 2021 meeting of creditors debtor testified that all his tenants owed him money, however, Schedule A/B does not disclose any account receivable. Debtor is asked to provide trustee a statement from each tenant, showing amounts owed

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13   Attorney Name: CARLOS TEISSONNIERE RODRIGUEZ*

and the time period for which they are owed. The Office of the United States Trustee also asked to be provided with copy of the mentioned statements.

d) Debtor has listed life insurance expense in the amount of $390. Does this insurance have any cash value?

e) Primera Coop's shares are not disclosed in Schedule A/B.

f) Debtor has claimed in Schedule C in excess the amount of $416 under Section 522(d)(5). If Schedule C is not further amended, trustee will file an objection.

g) Trustee notes that BPPR has filed its proof of claim #3 where collateral is the Alhambra real property and does not contain evidence of security interest. Debtor is providing secured treatment in Part 3.1. Debtor is asked to provide evident of the secured status of the creditor.

4- ISSUE WITH DISPOSABLE INCOME TEST, §1325(b)(1)(B):

a) As announced at the December 28, 2021 meeting of creditors, Schedule I will be amended to include rental income.

b) Form 122C-1 discloses rental income of $400 only. At the December 28, 2021 meeting of creditors, debtor testified that he has 5 rental spaces leased. Debtor is asked to provide the details of what each tenant paid during the 6 months prior to petition month, in order to verify the $400 at Line 6.

c) Provide trustee evidence of the following expenses listed at Line 22 of Form 122C-2: Additional healthcare of $400; line 23 optional telephone $400 (the form states that the charge cannot be for basic home telephone, internet and cell phone service); line 27 protection against family $80. This matter may impact the monthly disposable income of Line 45 of Form 122C-2.

d) Moreover, the amounts disclosed in Lines 33 of Form 122C-2 for shares with AEELA ($650), Jayuya Coop ($25), CrediCentro ($212.30), Coop Padre Mc Donald ($31.67) and Coop Oriental ($43.98) cannot be considered for purposes of the disposable income of Line 45 of Form 122C-2. in accordance to the case form the First Circuit Bankruptcy Appellate Panel of In re Kramer, 2014 WL 818942 (1st Cir. B.A.P. 2014). This matter may impact the monthly disposable income of Line 45 of Form 122C-2.

e) Debtor discloses a life insurance policy monthly expense of $390 in Line 18 of Form 122C-2 and schedule J. Debtor, however, has not disclosed in Schedule A/B any interest in insurance policies. Moreover, debtor is asked to

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13    Attorney Name: CARLOS TEISSONNIERE RODRIGUEZ*

inform if the policy is term or non-term; address who is/are the beneficiary/ies of the life insurance and their relationship to the debtor; amount to be paid to beneficiaries. Trustee notes that Line 18 specifies that it must be a term policy; cannot be life insurance on a dependent, for a non-filing spouse's life insurance.

f) Line 43 of Form 122C-2 discloses the following as "special circumstances" expenses: $800 for maintenance of 3 properties; $100 for pet expenses; $133 for insurance for real property at La Alhambra, Ponce and $86 for insurance for real property at Ponce. Debtor is asked to provide evidence of such expenses. Also, debtor is asked to provide case law supporting his allegation that such expenses are to be considered "special circumstances". This matter may impact the monthly disposable income of Line 45 of Form 122C-2.

g) Debtor has retained an appraiser for the real properties at Fagot, Ponce PR and Jayuya, PR,  Debtor stated he has not made any payments to the appraiser, nor has spoken to him. Debtor has not filed application for employment of appraiser.

**4- PLAN DOES NOT PROVIDE FOR PRIORITY CREDITOR, Section 1322(a)(2):**
Plan has no provision for priority department of treasury claim #10. (regular debt and IVU)

**5- PLAN DOES NOT PROVIDE FOR SECURED CREDITOR, Section 1325(a)(5):**
Plan does not provide for Coop. Oriental's secured savings (POC #6).

**6- OTHER:**

a) Schedule G needs to disclose the 4 rentals that debtor testified about at the December 28, 2021 meeting of creditors.

b) Has debtor received any rental income during the 2 years prior to petition and during year-to-date of 2021? The statement of financial affairs does not disclose any rental income. In connection to this matter, the Office of the United States Trustee has also requested information on the rental income and expenses during the last 4 years.

c) During the 2 years prior to petition and during 2021, has debtor given to his son any payments received for rental of the Fagot real property? If answered in the affirmative, provide details of time period of such payments and amounts.

d) The Office of the United States Trustee has requested two years of accounting of the income and expenses pertaining to the Fagot commercial property. Trustee requests that the information be provided to him as well.

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

FRANCISCO RAFAEL ZAYAS SEIJO      Case No.   21-03259-EAG

Chapter 13      Attorney Name:   CARLOS TEISSONNIERE RODRIGUEZ*

e) Amend the statement of financial affairs to disclose the name and contact information of the accountant who is doing accounting services for the Fagot real property. Debtor testified at the December 28, 2021 meeting that accounting is in possession of his son (who is tenant in the Fagot building) and of the accountant.

f) Since Primera Coop filed 2 proofs of claims, both partially secured, part 3.5 of the plan needs to consider both proofs of claims. The amended plan filed mentions PRIMERA COOP, but does not specify that the collateral of both proofs of claims is subject of surrender. Also, Part 3.5 only mentions "shares", but did not mention "savings".

g) Debtor is asked to review part 3.7 so that reference to 100% payment appears for each creditor, as provided in the official plan form.

h) Part 3.7 should be reviewed in connection with treatment to CRIM, in order to delete reference to $12,000 where it states "Starting on Plan Month".

i) Debtor is asked to review provision in part 3.2, in order to correct the position of certain columns so that they appear as per the official plan form, particularly where treatment is given in this part to secured creditor Antonio Cabrero.

j) Debtor is asked to review provision in part 3.1, in order to correct the amount of the direct payments by debtor, which according to the auto loan contract (POC #6), amount is $588.12, while part 3.1 discloses $581. When amending part 3.1 the arrears should be deleted since proof of claim was already filed by the creditor and discloses no arrears. Schedule J needs also to correct amount since it discloses $581.

k) Secured creditor Oriental Bank filed proof of claim regarding a mortgage loan, which does not contain evidence of the endorsement of the mortgage note to Oriental Bank. The collateral is the Fagot commercial property. Trustee has been making attempts with creditor's counsel to obtain an amendment to the proof of claim with the supporting documentation on the endorsement. If the proof of claim is not amended, the trustee will file an objection.

l) The Office of the United States Trustee has requested that a statement be provided by debtor's son as to the amounts he has collected from the tenants at the Fagot property and how much he has paid to Oriental for the mortgage over such property and to CRIM for property taxes over such property. That information was requested for the period from October 2019 until present.

The following party(ies) object(s) confirmation:

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO                    Case No.   21-03259-EAG

                          Chapter 13        Attorney Name:   CARLOS TEISSONNIERE RODRIGUEZ*

| s/Miriam Salwen | Date: | 12/28/2021 |
|---|---|---|
| Trustee/Presiding Officer | | (Rev. 05/13) |