IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

FRANCISCO ZAYAS SEIJO

DEBTOR

CASE NO 21-03259 EAG

CHAPTER 13

## MOTION REQUESTING ORDER UNDER BANRKRUPTCY RULE 2004

**TO THE HONORABLE COURT:**

**COMES NOW, Secured Creditor Antonio J. Cabrero Muñiz**, through his undersigned counsel and very respectfully states and prays:

1. On October 29, 2021, the Debtor filed the present Chapter 13 case and filed a proposed Chapter 13 Plan, Schedules (A-J) and other required bankruptcy forms. On December 7, 2021, the Debtor amended his plan and on December 21, 2021, it was rightfully opposed by creditor Cabrero (docket 25). On December 27, 2021, the Debtor filed a sixth *Amended Chapter 13 Plan* (docket 27). On December 28th, 2021, at 1:40 p.m., was held the commencement of the 341 meeting with the presence of Debtor and his attorney, creditor Antonio J. Cabrero Muñiz, and representatives of the Office of the U.S. Trustee and of the Department of the Treasury of Puerto Rico (docket 29). On January 3rd, 2022, an opposition to confirmation of the amended plan of December 27th, 2021, was presented (docket 32) by creditor Cabrero. On January 4th, 2021, the Debtor filed his seventh *Amended Plan* (docket 34)*.* On January 7th, 2022, Debtor presented new schedules and an opposition to our objection of his December 27th, amended plan

1

(dockets 35 and 36). Confirmation of his January 4th amended plan has been vigorously

opposed and objected.

2.  In the motions objecting plan, creditor Cabrero included allegations of Debtor's

bad faith filing, and dilatory practices to avoid payment. **Creditor also presented**

**information provided under oath by Debtor in a deposition taken as part of the legal**

**procedures at the Superior Court, which contradicts his sworn financial**

**information and schedules filed at the bankruptcy court. Considerable doubts exist**

**regarding the seriousness of the filing and trustworthiness of income, assets and**

**liabilities presented by Debtor.**

3. Additional doubts arose out of Debtor's sworn statements at the initial 341

meetings of 12-14-2021 and its continuance of 12-28-2021, on matters pertinent to

creditor Cabrero's allegations.

4.  Based on the need of verification and clarification of Debtor's financial

information, documents were requested by Trustee and by the Office of The U.S. Trustee.

Creditor Cabrero requested that a copy of the documentation requested to Debtor, and

which are pertinent to his allegations to oppose confirmation of plan, be provided also to

him. Trustee did not express any objection and advised Creditor Cabrero of the need to

request an order from this Honorable Court allowing the submittal of the documents.

5.Therefore, an Order is hereby requested from this Honorable Court, ordering that

copy of the following documentation requested by Trustee and/or U.S. Trustee, at the 341

meeting, be also provided to creditor Cabrero:

     a. Since the Plan proposes a lump sum payment in the amount of $129,000

       from Jayuya lot of land, and a lump sum payment in the amount of $120,000

from commercial property at Urb. Fagot, Ponce, Debtor was required to provide the details of how he reached the amounts being proffered.

b. Copy of any appraisal reports required to be filed at court. In prior communication between Debtor's and Creditor Cabrero's attorney, Debtor sent Creditor Cabrero his required 4 years of tax returns and compromised to provide creditor with copy of the requested appraisal reports as soon as received. As of today, Debtor submitted copy of an appraisal report for the Jayuya and Jardines de Fagot property, not filed at court as required by Trustee and prepared by an appraiser not submitted for approval, as also required by trustee.

c. Debtor was required to provide trustee a statement from each tenant of the Jardines de Fagot commercial property, showing amounts owed and the time period for which they are owed. The Office of the United States Trustee also asked to be provided with copy of the mentioned statements.

d. The Office of the United States Trustee has required information on the rental income and expenses during the last 4 years.

e. Debtor was required to inform if during the 2 years prior to petition and during 2021, he had given to his son any payments received for rental of the Fagot real property. If answered in the affirmative, must provide details of time period of such payments and amounts.

f. The Office of the United States Trustee required Debtor to submit two years of accounting of the income and expenses pertaining to the Fagot commercial property. Trustee required that the information be provided to him as well.

3

g. The Office of the United States Trustee has requested that a statement be provided by debtor's son as to the amounts he has collected from the tenants at the Fagot property and how much he has paid to Oriental for the mortgage over such property and to CRIM for property taxes over such property

6. All of the above crucial information on issues discussed at the 341 meeting, and demanded by the Trustee and the Office of The U.S. Trustee to be provided by Debtor, is essential to assure the presentation of a plan which adequately presents real property values; which diligently addresses payment of the total secured amount owed to Mr. Cabrero; which is sufficiently funded; which is feasible; and which is based on trustworthy information for an adequate liquidated value test. As of today, no adequate protection exists for Creditor Cabrero under the plan, and Debtor's values on the Jayuya and Jardines de Fagot properties, as well as Mr. Cabrero's secured claim amount, continue to be very considerably undervalued.

Federal Rule of Bankruptcy 2004 provides interested parties, as Mr. Cabrero, with prelitigation discovery. Interested parties may file a Rule 2004 motion. Fed. R. Bankr. P. 2004.

**WHEREFORE, it** is hereby requested from this Honorable Court, that it be ordered that Creditor Cabrero receives, either from the Trustee, U. S. Trustee, and/or Debtor, a copy of all documents requested at the 341 meeting, as above stated.

**RESPECTFULLY SUBMITTED.**

4

**I HEREBY CERTIFY** that this motion has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the parties to their registered e-mail addresses, to the attorneys of record, to Chapter 13 Trustee, Alejandro Oliveras Rivera and to Debtor's counsel, Carlos Juan Teissonniere Rodriguez, Esq. and to debtor by regular mail.

In Guaynabo, Puerto Rico on this 24 day of January 2022.

**JUAN B. SOTO LAW OFFICES, P.S.C**
1353 Luis Vigoreaux Ave.
PMB 270
Guaynabo, Puerto Rico 00966
TEL.: (787) 273-0611
CEL.: (787) 370-6197
E-mail: jsoto@jbsblaw.com

/s/ Juan B. Soto Balbás
USDC-PR 130305

5