**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO                           Case No.   21-03259-EAG

                                    Chapter 13      Attorney Name:   CARLOS TEISSONNIERE RODRIGUEZ*

| I. Appearances | | | |
|---|---|---|---|
| Debtor | [X] Present | [ ] Absent | |
| Joint Debtor | [ ] Present | [ ] Absent | |
| Attorney for Debtor | [X] Present | [ ] Absent | |
| [ ] Prose | | | |
| [ ] Appearing: | | | |

Date & Time:    2/9/2022   1:20:00PM

[X] R       [ ] NR    LV:   t.b.d.

[X] This is debtor(s) 1 Bankruptcy filing.

Creditors:

Mr. Antonio Cabrero and assisted by Juan B. Antonio Soto Balbás, Esq.
UST by Julio Guzman, Esq.

**II. Oath Administered**
  [X] Yes            [ ] No

**III. Plan**

Date:   02/08/2022        Base:    $536,230.00    Payments 2 made out of 3 due.

Confirmation Hearing Date:    4/21/2022  1:30:00PM

Evidence of Pmt shown:

**Attorney's fees as per R. 2016(b)**

   $4,000.00   -  $1,600.00   =  $2,400.00

**IV. Status of Meeting**

[X] Closed       [ ] Not Held       [ ] Held/Continued

[ ] Held/Not Closed

[ ] Continued

Continued Date:

Comments:

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to:  [ ] Appear:  [ ] Commence payments

 [ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

 [ ] MTD Already filed, see Docket:

 [ ] Other:

Case:21-03259-EAG13 Doc#:60 Filed:02/09/22 Entered:02/09/22 14:55:39 Desc: Main
Document Page 2 of 6

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO          Case No.    21-03259-EAG

Chapter 13     Attorney Name:    CARLOS TEISSONNIERE RODRIGUEZ*

(Cont.)

**Trustee's Report on Confirmation**

[ ] FAVORABLE

[X] UNFAVORABLE

| | |
|---|---|
| [ ] Feasibility<br>[ ] Insufficiently funded<br>[ ] Unfair discrimination<br>[ ] Fails disposable income<br>[ ] Fails liquidation value test<br>[ ] Insuarence quote | [ ] No provision for secured creditor(s)<br><br>[ ] Tax returns missing<br>   [ ] State - years<br><br>   [ ] Federal - years |

**Pending/Items/ Documents:**

| | |
|---|---|
| [ ] DSO Recipient's Information<br><br>[ ] Evidence of being current with DSO<br><br>[ ] Evidence of income | [ ] Monthly reports for the months<br><br>[ ] Public Liability Insurance<br>   [ ] Premises<br>   [ ] Vehicle(s):<br>[ ] Licenses issued by: |

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO      Case No.   21-03259-EAG

Chapter 13     Attorney Name:   CARLOS TEISSONNIERE RODRIGUEZ*

**Trustee's objection to confirmation**

[ ] Objection to Confirmation
[ ] Oral objection by creditor

ACP: 5 HH: 2 LINE 45: - 6,071.89

ID (Lic ok/ ) /SS- ok / W/S ok/ – /TX–ok- state tax 2017 through 2020  / / SSI /Pen -Mar / Not- Employed: Pension – social security -rent (social sec non filing)

dkt 59 amended plan

2120 * 2 = 4240

3421 * 22 = 75262

337,023 * 1 = lump sum $154,719 PPty Jayuya; $177,853 ppty. Fagot and monthly payment of $3,451.

3,421 * 35 = 119,735

base = $536,230

FEASIBILITY, 11 USC §1325 (a)(6):

(a) Per amended plan debtor has $1,201 in arrears. Per amended plan filed at dkt. 59, debtor needs to specify the monthly payment on month 25 after substracting the lump sums. Appears to be $4,451.00. Also, plan proposes 2 payments of $2,120 and a step up commencing on month 3 (January, 2022) in the amount of $3,421 for 22 months until the next step up, however, now on February, trustee has receive another payment of $2,120. Amend accordingly.

(b) Feasibility of the lump sum to be tendered to trustee of the Fagot and Jayuya properties is being questioned at this time, considering that debtor testified at the December 28, 2021 meeting of creditors that nobody is paying CRIM for the Fagot (which has several rental spaces) and Jayuya properties, therefore, by the time the properties are to be sold or financed in Month of the plan, post-petition taxes will have accumulated.

(c) Amended plan proposes lump sums of $154,719 from Jayuya property and $177,853 Fagot property. debtor has filed a motion regarding how lump sums where calculated. Presiding to review said motion filed at dkt. 52.

(d) Debtor must address discrepancy in real property value. Namely/ Debtor has disclosed, per schedule A/B the value of real property located at Bo. Mameyes, Jayuya in the amount of $159,000.00 and property located at Fagot, Ponce in the amount of $220,000. However, per creditor's motion at docket 57, where appraisals have been attached, the value of real property located at Bo. Mameyes, Jayuya is $309,850 and the value of the real property located at Fagot, Ponce is $350,000. Per debtors disclosure the liquidation value of the estate will be 100% plus interest with LV of $26,842 and per creditors, motion with appraisals, the liquidation value of the estate will be100% plus interest with a liquidation value of $198,075. As of today Plan does not include any language for 100% plus

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO　　　　　　　　　　Case No.　21-03259-EAG

　　　　　　　　　　　　　　　　Chapter 13　　　Attorney Name:　CARLOS TEISSONNIERE RODRIGUEZ*

---

interest and no liquidation value.

**ISSUES WITH LIQUIDATION VALUE TEST, §1325(a)(4):**

(a) Schedule A/B was amended in order to include the account receivable from debtor's son from Fagot commercial property. Per prior 341 meeting, debtor testified that all his tenant's owed him money. However, this amounts are not included on Schedule A/B.

(b). The Office of the United States Trustee also asked to be provided with copy of the mentioned statements.

(c) Debtor has listed life insurance expense in the amount of $390. Does this insurance have any cash value?

(d) At the December 28, 2021 meeting of creditors, debtor's counsel informed that from 7 to 14 days of December 28, 2021, an appraiser that was retained to value the Fagot and Jayuya properties will submit his appraisal reports. Trustee requests that debtor file with the Court copy of the announced appraisals by January 15, 2022. It is noted that the value of such properties is in controversy and is an essential factor for confirmation of the plan. Debtor has filed a motion that includes the appraisals requested at dkt 53. Presiding to review this motion.
Creditor has file an objection to confirmation by Antonio Cabrero Muniz filed at dkt 58

e) Per Trustee's analysis the plan needs to pay 100% plus interest to all general unsecured creditors. As to this plan dkt. 59 pay 100% to all unsecured creditors, however does not provide for the interest. Also, this case have a liquidation value that needs to be included on part box #4.

**ISSUE WITH DISPOSABLE INCOME TEST, §1325(b)(1)(B):**

(a) Amended Schedule I discloses rent income, however, per Schedule G there is a discrepancy in the amount paid by Rafael Zayas Law Offices of $100. Schedule G discloses payment of $600 and Schedule I discloses payment of $500.

(b) On prior 341 meeting, debtor testified that he receives income from 5 rental spaces leased. On the original SCMI, debtor listed $400 from net income. Amended schedule G includes the rental incomes, however, amended SCMI the amount listed was deleted. Debtor was asked to provide detail of what amounts tenants paid during the 6 months prior to the petition.

(c) Debtor has included at SCMI form 122 C-2-line 9b creditor Antonio Cabrero Muniz with an average monthly payment of $7,505.55. This creditor has been listed on part 3.2 of the plan and debtor will not make any direct payment to said creditor since a value of collateral will be paid through the plan. Presiding to review if needs to be

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13    Attorney Name:  CARLOS TEISSONNIERE RODRIGUEZ*

deleted.

(d) Debtor has disclosed an expense for life insurance on schedule J and was previously disclose on SCMI line18 form 122C-2, however, was deleted from amended SCMI and schedule A/B was amended and does not include any life insurance policy. Inform if the policy is term or non-term; address who is/are the beneficiary/ies of the life insurance and their relationship to the debtor; amount to be paid to beneficiaries. Trustee notes that Line 18 specifies that it must be a term policy; cannot be life insurance on a dependent, for a non-filing spouse's life insurance.

Other:

(a) Has debtor received any rental income during the 2 years prior to petition and during year-to-date of 2021? The statement of financial affairs does not disclose any rental income. In connection to this matter, the Office of the United States Trustee has also requested information on the rental income and expenses during the last 4 years.

(b) During the 2 years prior to petition and during 2021, has debtor given to his son any payments received for rental of the Fagot real property? If answered in the affirmative, provide details of time period of such payments and amounts. The Office of the United States Trustee has requested two years of accounting of the income and expenses pertaining to the Fagot commercial property. Trustee requests that the information be provided to him as well.

(c) During the 2 years prior to petition and during 2021, has debtor given to his son any payments received for rental of the Fagot real property? If answered in the affirmative, provide details of time period of such payments and amounts. The Office of the United States Trustee has requested two years of accounting of the income and expenses pertaining to the Fagot commercial property. Trustee requests that the information be provided to him as well.

(d) Amend the statement of financial affairs to disclose the name and contact information of the accountant who is doing accounting services for the Fagot real property. Debtor testified at the December 28, 2021 meeting that accounting is in possession of his son (who is tenant in the Fagot building) and of the accountant.

(e) The Office of the United States Trustee has requested that a statement be provided by debtor's son as to the amounts he has collected from the tenants at the Fagot property and how much he has paid to Oriental for the mortgage over such property and to CRIM for property taxes over such property. That information was requested for the period from October 2019 until present.

(f) Per amended plan part 4.3 attorney's fees will be paid by fee application, however, the disclosure for compensation provided with the voluntary petition discloses flat fee. Prior to the filing debtor has already pay $1,600 to counsel.

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

FRANCISCO RAFAEL ZAYAS SEIJO

Case No. 21-03259-EAG

Chapter 13    Attorney Name: CARLOS TEISSONNIERE RODRIGUEZ*

**(g) Plan does not provide on part 4.4 for Department of treasury claim #10 regular debt with creditor and IVU.**

**Attorney Balbás and UST thru Mr. Guzmán, examined the debtor.**

**The following party(ies) object(s) confirmation:**

s/Alejandro Oliveras    Date: 02/09/2022

Trustee/Presiding Officer    (Rev. 05/13)