```
        IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| IN RE: | CASE NO. 21-03259 MAG |
|---|---|
| FRANCISCO ZAYAS SEIJO | CHAPTER 13 |
| DEBTOR | |

### INFORMATIVE MOTION
### ( AMENDED PLAN)

**TO THE HONORABLE COURT:**

Here come debtors, represented by the undersigned attorney, and inform as follows:

1.  Debtors inform of the amended plan dated 03-21-2022 pursuant to 11 U.S.C. §1323(a).

**WHEREFORE** debtors pray from this Honorable Court to take notice of the amended Chapter 13 Plan, and confirms it at the confirmation hearing.

**NOTICE IS HEREBY GIVEN that any creditor or party in interest may oppose and request a hearing to the motion by filing written opposition *within 21 DAYS from the date of notice*, with the Clerk of the United States Bankruptcy Court, for the District of Puerto Rico, and by simultaneously serving a copy thereof upon counsel for the debtors. If no opposition timely filed and served as aforesaid, the MOTION may be approved without further notice or opportunity for a hearing, granting the remedies sought.**

**NOTICE IS FURTHER GIVEN that the MOTION filed by the debtors is available for inspection and copying during normal business hours in the office of the Clerk of the United States Bankruptcy Court district of Puerto Rico, or a copy may be obtained by contacting debtors' counsel**

**I HEREBY CERTIFY** that on this same date a true copy of this motion has been sent by regular mail to:

Chapter 13 Trustee Alejandro Oliveras, Esq and to all creditors in the master list attached to their mailing address.

**RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico March 21, 2022.

/s/CARLOS TEISSONNIERE RODRIGUEZ
USDCPR 225612
Ave Las Americas 1883
Ponce, P.R. 00728
Tel: 787-841-8027
Fax: 787-841-7006
teissonniere.carlos@gmail.com

# UNITED STATES BANKRUPTCY COURT
## District of Puerto Rico

| | |
|---|---|
| In Re<br>**ZAYAS SEIJO, FRANCISCO RAFAEL**<br><br>XXX-XX-**7702**<br><br>XXX-XX-<br><br>**Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** <u>03-21/2022</u> | Case No: **2:21-bk-3259**<br><br>Chapter 13<br><br>**[ ]** Check if this is a pre-confirmation amended plan.<br><br>**[ ]** Check if this is a post confirmation amended plan<br>Proposed by:<br>**[ ]** Debtor(s)<br>**[ ]** Trustee<br>**[ ]** Unsecured creditor(s)<br><br>**[ ]** If this is an amended plan, list below the sections of the plan that have been changed. |

---

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim**:** (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matter4s may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ X ] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| **2120.00**<br>**3421.00**<br>**520000.00**<br>**3421.00** | **2**<br>**22**<br>**1**<br>**35** | **4240.00**<br>**75262.00**<br>**523421.00**<br>**119735.00** | BUDGET ADJUSTMENTS AND ADDITIONAL INCOME FROM RENTAL INCOME<br>LUMP SUM(520,000.00) AND MONTHLY PAYMENT(3421.00) IN MONTH 25 TO COME FROM THE SALE OF BOTH JAYUYA OR FAGOT REAL ESTATE PROPERTIES   JAYUYA PROPERTY VALUE  IS 300,000.00)FAGOT, PONCE (PROPERTY VALUE 220,000.00 |
| Subtotals | **60** | **719237.00** | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

# PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **BANCO POPULAR DE PR** | **2015 CALLE SEVILLA URB LA ALHAMBRA** | **1,161.00**<br>Disbursed by:<br>[  ] Trustee<br>[ X] Debtor(s) | | | | **1161.00** |
| *COOP ORIENTAL* | *TOYOTA TACOMA* | 581.00<br>*DISBURSED BY:* | 581.00 | | | 581.00 |

*Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan  Page 2*

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*

   **[ X ]None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

   **[ ]** The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

   (a) Payment of the underlying debt determined under nonbankruptcy law, or

   (b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   **[ X ]None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   **[ ]** The claims listed below were either:

   (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or

   (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the Debtor(s). If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|

*Insert additional lines as needed.*

3.4 **Lien Avoidance.**

*Check one.*
**[X] None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
**[ ] None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**[X]** The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| **AEELA** | **AELA SHARES** |
| **COOP PADRE MCDONALD** | **COOP PADRE MCDONALD** |
| **CREDI CENTRO** | **CREDI CENTRO SHARES** |
| **JAYUYA COOP** | **JAYUYA COOP** |
| **PRIMERA COOPERATIVA** | **PRIMERA COOP SHARES** |
| **COOP ORIENTAL POC 6 AND 7** | **COOP SHARES AND SAVINGS** |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
**[ ]** Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
**[ ] None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

**[X]** Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| CRIM | | 4836.00 [ X ] To be paid in fill 100% | | | | | | | 4836.00 Starting on Plan Month _ |
| ORIENTAL BANK | | 42147.00 (X)TO BE PAID IN FULL | | | | | | | 42147.00 |
| ANTONIO CABRERO | | 450,333.00 (X) TO BE PAID IN FULL | 4.35% | | | | | | 487859.00 |

*Insert additional lines as needed.*

# PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

**[ ]   Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

**[ X] Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **1,600.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 4800.**00** |
| If this is a post-confirmation amended plan, estimated attorney 's fees: | $ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
**[X]  None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

**[ ]**   The sum of $ _____.

**[ ]**   _____% of the total amount of these claims, an estimated payment of $ _____.

**[X]**   The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**[ ]**   If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____ .

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
**[ X ]None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**[ ]**   The Debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _ | _ | _ | _ |
| | Disbursed by:<br>[ ] Trustee<br>[ ] Debtor(s) | | |

*Insert additional lines as needed.*

**5.3 Other separately classified nonpriority unsecured claims.**

    *Check one.*
    **[X] None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

# PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

    *Check one.*
    **[X] None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

# PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

    *Check the applicable box:*

    **[ ]** Plan confirmation.
    **[X]** Entry of discharge.
    **[ ]** Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

    1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
    1. Distribution on Attorney's Fees (Part 4, Section 4.3)
    1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
    2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
    2. Distribution on Secured Claims (Part 3, Section 3.7)
    2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
    3. Distribution on Secured Claims (Part 3, Section 3.2)
    3. Distribution on Secured Claims (Part 3, Section 3.3)
    3. Distribution on Secured Claims (Part 3, Section 3.4)
    3. Distribution on Unsecured Claims (Part 6, Section 6.1)
    4. Distribution on Priority Claims (Part 4, Section 4.4)
    5. Distribution on Priority Claims (Part 4, Section 4.5)
    6. Distribution on Unsecured Claims (Part 5, Section 5.2)
    6. Distribution on Unsecured Claims (Part 5, Section 5.3)
    7. Distribution on General Unsecured claims (Part 5, Section 5.1)

    Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

# PART 8: Nonstandard Plan Provisions

**8.1    Check "None" or list the nonstandard plan provisions**

**[ ]  None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise*

*included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1 Retention of Lien: This Section modifies LBF-G, Part 3: The lien holder of any allowed secured claim provided for by the plan in its Part 3,will retain its lien according to the terms and conditions provided by 11 USC 1325(a)(5)(B)(i)(I) & (II).

2 TAX REFUNDSTHIS SECTION MODIFIES SECTION LBF-G PART 2.3  NON EXEMPT TAX REFUNDS, IF ANY WILL BE DEVOTED EACH YEAR, AS PERIODIC PAYMENTS, TO THE PLANS FUNDING UNTIL PLAN COMPLETION, THE TENDER OF SUCH PAYMENTS SHALL DEEM THE PLAN MODIFIED BY SUCH AMOUNT , INCREASING THE BASE THEREBY WITHOUT THE NEED OF FURTHER NOTICE, HEARING OR COURT ORDER. IF NEED FOR BE THE USE BY DEBTORS OF A PORTION OF SUCH REFUND, DEBTORS SHALL SEEK COURTS AUTHORIZATION PRIOR TO ANY USE.

3 PAY AHEAD SECURED  CREDITOR ANTONIO CABRERO AFTER DEBTORS ATTORNEYS FEES( PAY AHEAD OF BANCO POPULAR AND ORIENTAL BANK AND CRIM)

4 FOR CONFIRMATION PURPOSES CREDITOR ANTONIO CABRERO WILL BE SECURED PER THE AMOUNT ESTABLISHED AT PART 3.7 OF THE PLAN AS SECURED(450333.00) AFTER CONFIRMATION , WHEN THE FAGOT AND JAYUYA PROPERTIES ARE APPRAISED IN CONNECTION WITH THE PROPOSED SALE , THEN THE AMOUNT TO BE RECEIVED BY CREDITOR CABRERO AS SECURED WILL BE THE VALUE REFLECTED IN SUCH APPRAISALS AND IN WHICH CASE , DEBTOR WILL FILE A POST CONFIRMATION PLAN . THE POST CONFIRMATION PLAN TO BE PROPOSED BY THE DEBTOR WILL PROPOSE TO PAY VALUE OF COLLATERAL TO CREDITOR CABRERO IN ACCORDANCE TO THE VALUES REFLECTED IN THE APPRAISAL TO BE CONDUCTED FOR THE SALE OF THE FAGOT PROPERTIE IN PONCE. THE DEBTOR IS ACCEPTING 300,000.00  AS THE JAYUYA PROERTY VALUE .

5 THE DEBTOR WILL REASSES THE LIQUIDATION VALUE  ONCE THE PROPERTIES IN AVE FAGOT PONCE IS TO BE SOLD , PER THE APPRAISALS TO BE CONDUCTED FOR SUCH SALES.

*Insert additional lines as needed.*

## PART 9: Signature(s)

| | |
|---|---|
| */s/ Carlos Teissonniere* | **Date 03-21-2022** |
| **Signature of attorney of Debtor(s)** | |
| */s/ FRANCISCO RAFAEL ZAYAS SEIJO* | **Date 03-21-2022** |
| | **Date** |
| **Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)** | |

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**